**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BHARI INFORMATION TECHNOLOGY SYSTEMS PVT., LTD.,

    Plaintiff,

v.

ALLIED BOSTON BANK INC., ALLIED BOSTON INTERNATIONAL, INC., LAL BHATIA, JACK GROVER, AND MARZBAN MODY,

    Defendants.
                                    /

No. C 05-01223 SI

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT BHATIA'S MOTIONS TO DISMISS**

On December 2, 2005, this Court heard oral argument on defendant Lal Bhatia's motions to dismiss.[1] Having carefully considered the arguments of counsel and the papers submitted, the Court hereby DENIES defendant's motions to dismiss for improper venue, lack of subject matter jurisdiction, failure of plaintiff to plead fraud, fraudulent misrepresentation and negligent misrepresentation with particularity, failure of plaintiff to state a claim upon which relief can be granted under false advertising and unfair business practice, and plaintiff's failure to join indispensable parties. The Court GRANTS defendant's motion to dismiss plaintiff's claims for money had and received and breach of contract.

**BACKGROUND**

This action arises from a dispute between plaintiff Bhari Information Technology ("Bitech"), a private company with a principal place of business in Delhi, India, and defendant Lal Bhatia, a San Francisco resident

---

[1] Lal Bhatia is the only active defendant remaining in the case. Default was entered against defendants Allied Boston Bank, Inc. and Allied Boston International, Inc. (docket #20) and Marzban Mody (docket #23). Defendant Jack Grover was voluntarily dismissed without prejudice (docket #37).

who is or was the President and Chief Executive Officer of Allied Boston International, Inc. ("ABI") and Allied Boston Bank ("ABB"). The complaint centers on failed efforts to secure a multi-million dollar loan; plaintiff alleges that defendants posed as legitimate bankers who offered multi-million dollar loans, and received substantial up-front fees, but failed to provide the funds.

Plaintiff Bitech asserts that defendant Bhatia approached Bitech[2] and represented that ABI and ABB specialized in offering private capital funding as an alternative to traditional public funding. Plaintiff negotiated with defendants and ultimately entered into various loan application agreements, but as the time to disburse the loan neared, defendants claimed an inability to fulfill the transaction. Plaintiff alleges that defendants then introduced plaintiff to another lending institution that would provide the funding, but only after receiving substantial up-front fees. Plaintiff alleges the other entities, which also failed to fund the loans, were sham entities created by defendant to perpetrate the fraudulent scheme.[3] This pattern occurred three times with at least four different institutions. Plaintiff alleges it completed due diligence and conditions precedent at all relevant times, yet never received any funding.

Plaintiff asserts that defendants were unable to act as a banking institution throughout the course of the transactions because the California Department of Financial Institutions obtained a temporary restraining order, and ultimately a permanent injunction, against them. Plaintiff seeks the return of approximately $440,974.00 in application, commitment, utilization and other fees it paid to defendants and to the other allegedly sham entities.

On March 25, 2005, plaintiff filed suit in this Court, claiming diversity jurisdiction. Plaintiff's First Amended Complaint was filed on September 2, 2005, and alleges (1) fraud; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) false advertising; (6) unfair business practices; and (7) money had and received. Defendant Bhatia now seeks to dismiss the First Amended Complaint pursuant to several of the Federal Rules of Civil Procedure. Bhatia seeks dismissal under Rule 12(b)(3) for improper

---

[2] Plaintiff claims defendant approached Bitech through Mahesh Gandhi, a principal of Millenium Capital Management Private Ltd., an Indian merchant bank acting as an agent for plaintiff in the financing transaction.

[3] The alleged sham entities are Lloyd Morgan Securities, Scotland UK; Societe Asclepisios Development, Luxembourg; Hellenic International Trust, Cyprus; Multibase Management Limited, London; and First Global Inc., Nevada.

2

venue; dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction; dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; dismissal under Rule 9(b) for failure to plead the elements of fraud with particularity; and dismissal under Rule 12(b)(7) for failure to join indispensable parties.

**DISCUSSION**

**1.    Motion to dismiss for improper venue**

Federal law governs the enforceability of forum-selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Motions to dismiss based on a forum-selection clause are treated as a Rule 12(b)(3) motion to dismiss for improper venue. *Arguetta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996). The pleadings need not be accepted as true and the court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998) and *Argueta v. Banco Mexicano, S. A.*, 87 F.3d 320, 324 (9th Cir. 1996). Forum-selection clauses are prima facie valid and should not be set aside unless the party challenging their enforcement can show that they are unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972).

The parties disagree regarding which of the many and varied forum selection clauses should apply to this case. Defendant Bhatia cites four forum selection clauses from four different agreements, two of which are dated March 14, 2002, one dated August 9, 2002, and the last dated August 8, 2003.[4] Plaintiff argues that the August 9, 2002 Line of Credit Agreement between Bitech, ABB and HIT is the operative contract, because Section 1.04 of that Agreement states that it supersedes any prior oral or written agreements. Antonson Decl., Ex. B. Plaintiff also argues that since neither defendant Bhatia nor the corporate defendants are parties to the August 8, 2003 agreement, they may not take advantage of its provisions.

The Court agrees that the August 9, 2002 Letter of Credit supersedes all prior agreements and that

---

[4]The agreements apparently provide that disputes could be resolved in Republic of Palau, Cypress or in Luxembourg, depending which agreement is chosen. Plaintiff provided copies of the agreements of August 9, 2002 and August 8, 2003. Antonson Decl., Exs. B and C. Plaintiff alleges ABI issued a letter of intent in November 2000 and a commitment letter on January 26, 2001, and that ABB issued a commitment letter on July 2, 2001, but these are not provided. Defendant has provided a January 14, 2002, agreement (in full and in parts), Ex. 1- 5; the February 27, 2002 MOU between plaintiff and LMS, Ex. 6; and the August 8, 2003, August 9, 2002, and January 14, 2003, agreements as Ex. 7.

United States District Court
For the Northern District of California

it, if any, would provide the forum selection clause for this case. The parties next dispute whether the forum selection clause in the August 9, 2002, agreement is mandatory (as defendant claims) or permissive (as plaintiff contends). The forum selection clause in Section 11.07 of the August 9, 2002 Line of Credit Agreement states as follows:

> <u>Jurisdiction</u>: This agreement shall be deemed executed, governed by, interpreted and enforced in all respects in accordance with the laws of the [sic] Cyprus, excluding its choice of law provisions or those of any other jurisdiction. Each party to this Agreement irrevocably and unconditionally: (i) agrees to waives [sic] the right to any suit, action or other legal proceeding arising out of this Agreement other than as mentioned in item 11.03 herein above [governing arbitration] ; (ii) consents to the jurisdiction of Cyprus. (iii) All disputes will be settled as outlined in item 11.03 herein above.

Section (ii) of this provision simply recites that each party "consents to the jurisdiction of Cyprus," but does not exclude the jurisdiction of any other sovereignty. To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir.1995). A non-mandatory clause does not preclude suit elsewhere. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987). The Court concludes that the language of the forum selection clause fails to establish Cyprus as the exclusive jurisdiction. The Court therefore DENIES defendant's motion to dismiss for improper venue under Rule 12(b)(3).

**2.     Motion to dismiss due to arbitration clause**

This case is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. When evaluating the validity of an arbitration agreement, federal courts apply ordinary state-law principles that govern the formation of contracts. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The Court will therefore evaluate the arbitration agreement under California law. *See id.* Under California law, when a person with the capacity of reading and understanding an instrument signs it, he may not, in the absence of fraud, coercion, or excusable neglect, avoid its terms on the ground he failed to read it before signing it. *Bolanos v. Khalatian*, 231 Cal.App.3d 1586, 1590 (1991).

Plaintiff contends that this arbitration clause was obtained by fraudulent means, citing *Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998) and *Three Valleys Mun. Water Dist. v. E.F. Hutton*, 925 F.2d 1136, 1140 (9th Cir. 1991). For a party to escape a forum selection clause on the grounds of fraud, it

4

must show that the inclusion of that clause in the contract was the product of fraud or coercion. *Batchelder*, 147 F.3d at 919 (quoting *Richards v. Lloyd's of London,* 135 F.3d 1289, 1297 (9th Cir. 1998)) (internal quotations omitted).  A federal court may consider defenses of duress or fraud in the inducement only if the duress or fraud relates specifically to the arbitration clause itself and not the contract generally. *See Bosinger v. Phillips Plastics Corp.*, 57 F.Supp.2d 986, 993 (S.D.Cal. 1999) (quoting *Three Valleys Mun. Water Dist.*, 925 F.2d at 1140).

Plaintiff contends that the initial Loan Agreement between ABB and Bitech did not contain an arbitration provision. Rather, the provisions were added in the August 9, 2002 Line of Credit Agreement, by which time plaintiff had already paid $360,00.00 in up-front fees to defendant ABB and an additional $3,374.00 to SAD, one of the sham entities. Plaintiff claims that it would not have realized any return on its fees to defendants if it did not agree to the August 9, 2002 Line of Credit Agreement, and that the inclusion of the arbitration clause and Cyprus law resulted from duress on the part of defendants. Plaintiff contends that defendant acquired leverage over plaintiff as a result of plaintiff's heavy investment of fees to acquire funding from defendants.

Plaintiff asserts specifically that its agreement to the arbitration clause was the result of duress and coercion. The Court finds that plaintiff has presented sufficient evidence to demonstrate coercion in the inclusion of the arbitration clause in the August 9, 2002, agreement, and defendant has presented no evidence to the contrary. The Court therefore DENIES defendant's motion to dismiss for lack of subject matter jurisdiction.

**3.     Motion to dismiss for failure to state a claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Financial Corp v. Federal Home Loan Bank of San Francisco,* 792 F.2d 1432, 1435 (9th Cir. 1986); *cert. denied*, 479 U.S. 1064 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *See NL Industries Inc., v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Although Courts are generally confined

to consideration of the allegations in the pleading, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

### A.    False advertising

Plaintiff's fifth cause of action alleges that defendants engaged in false advertising in violation of § 17500 of the California Business and Professions Code.[5] Plaintiff claims that defendants violated this statute when they directly or indirectly advertised their ability to provide commercial loans, and induced plaintiff to sign the various commitment letters, loan agreements and documentary credit agreements, knowing they were incapable of providing such loans. Defendant Bhatia asserts that plaintiff's false advertising claim is not adequately specific. However, plaintiff specifically alleged that defendants were under a permanent injunction from engaging in banking business in California, FAC 5:4-7; and that defendant Bhatia in his capacity as CEO of ABB and ABI had knowledge of their inability to act as lending institutions. FAC 5: 8-9. As a matter of pleading, this is sufficient, and the Court DENIES defendant's motion to dismiss plaintiff's claim of false advertising.

### B.    Money had and received

Plaintiff's seventh cause of action is for money had and received by defendants for the use and benefit of the plaintiff. An action for money had and received aims to recover money paid on a contract whose consideration has failed. *See Bank of Am. Nat'l Trust and Savings Ass'n v. Hayden*, 231 F.2d 595, 601 (9th Cir. 1956).

Defendant Bhatia argues that plaintiff's cause of action for money had and received is insufficient due to plaintiff's failure to allege that it paid the fees to defendant Bhatia, or that defendant Bhatia failed to perform any contract between the two parties. The Court agrees. Plaintiff alleges that it paid fees to ABB, ABI and other "sham" entities, *see* FAC ¶¶ 39–40, but has not alleged that defendant Bhatia individually received the funds. The Court therefore GRANTS defendant's motion to dismiss plaintiff's claim for money had and

---

[5] § 17500 states, "[i]t is unlawful for any person . . . with intent directly or indirectly to . . . perform services, professional or otherwise . . . to induce the public to enter into any obligation relating thereto . . .any statement, concerning . . . those services, professional or otherwise, . . . which is untrue or misleading."

received. The dismissal is without prejudice to plaintiff amending the complaint to allege that defendant Bhatia personally received the fees, if plaintiff can truthfully make such an allegation.

### C. Unfair business practice

Plaintiff's sixth cause of action alleges that defendants have engaged in unlawful and fraudulent business acts and practices constituting unfair competition as defined in California Business and Professions Code § 17200 *et seq*. Section 17200 states that "unfair competition shall mean any unlawful or fraudulent business act or practice." The statute is broad and "borrows" violations of other laws and treats these violations, when committed in the course of business activity, as unlawful practices independently actionable under § 17200 *et seq. See Gregory v. Albertson's, Inc.,* 104 Cal. App 4th 845, 851 (2002) (quoting *Farmers Ins. Exchange v. Superior Court,* 2 Cal 4th 377, 383 (1992)) (internal quotations omitted).

Defendant Bhatia contends the claim fails for failure to allege the elements of a cause of action for unfair business practices. Plaintiff's FAC, however, alleges that defendants committed an unlawful act in violation of California Finance Code §§ 3391, 3392, 3390, 1725, and 1750. FAC ¶ 73. Moreover, a violation of § 17500 would constitute a violation of § 17200. Accordingly, the Court concludes that plaintiff has alleged a claim under § 17200 and DENIES defendant's motion to dismiss plaintiff's claim under § 17200.[6]

### D. Breach of contract

Plaintiff's fourth cause of action alleges breach of contract. The elements of breach of contract claim are (1) the existence of a valid contract between the parties; (2) plaintiff's performance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach. *See Careau & Co. v. Sec. Pac. Business Credit, Inc.*, 222 Cal. App.3d 1371, 1388 (1990). The existence of a contract between the litigating parties is a necessary element to an action based on contract. *See Roth v. Malson,* 67 Cal. App. 4th 552, 557 (1998).

---

[6] Defendant provides a long footnote apparently detailing the elements of § 17200 and asserting why plaintiff may not recover damages for violation of §17200. The Court notes that plaintiff seeks restitution, including disgorgement of defendant's gains, which it would be entitled to under this statute. *See Freeman v. Time, Inc.,* 68 F.3d 285, 288 (9th Cir. 1995). Furthermore, the issue of plaintiff's recovery is not before the Court.

7

Defendant Bhatia urges that plaintiff's breach of contract claim must be dismissed because the FAC alleges only contracts between plaintiff, on the one hand, and the various corporate defendants or shamentities, on the other; it does not allege the formation of a valid contract between plaintiff and defendant Bhatia as an individual.[7] Specifically, defendant alleges plaintiff has failed to set forth any material facts establishing defendant Bhatia as the alter ego of the corporate defendants. Plaintiff acknowledges that it did not argue the doctrine of alter ego. Directors and officers are not personally liable on contracts signed by them for and on behalf of the corporation unless they purport to bind themselves individually. *United States Liab . Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal.3d 586, 595 (1990). The Court therefore GRANTS defendant Bhatia's motion to dismiss plaintiff's breach of contract claim. This dismissal is without prejudice to plaintiff amending the complaint to allege alter ego or other vicarious liability on the part of defendant Bhatia, if plaintiff can truthfully make such an allegation after discovery progresses.

**4.     Motion to dismiss for failure to aver fraud with particularity**

Federal Rule of Civil Procedure 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Rule 9(b) requires that the complaint identify the circumstances constituting the alleged fraud "so that the defendant may prepare an adequate answer." *In re Worlds of Wonder Sec. Litig.,* 721 F.Supp 1140, 1142 (N.D. Cal 1989) (quoting *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973)).

**A.     Fraud**

Plaintiff alleges that the acts, omissions and misrepresentations of defendant constitute both actual and constructive fraud.

**i.     Specificity of pleading**

---

[7] Ex. 4 to defendant's motion to dismiss is a copy of the January 14, 2002 Commitment Letter between ABB and plaintiff. The signature page has Mr. Arif Rahman's signature as the authorized signatory of plaintiff and ABB's authorized signatory is identified as Mr. Lal Bhatia, however, there is no signature.

8

Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages. *See Vess v. Ciba-Geigy Corp., USA,* 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)). Defendant argues that plaintiff's FAC is not sufficiently certain as it fails to identify the parties against whom the causes of action are directed.

The Court disagrees. As plaintiff points out, although the FAC refers to Lal Bhatia, Marzban Mody, Jack Grover, ABB and ABI collectively as "Defendants," FAC 1:24, it identifies relevant defendants when necessary in describing specific events. The Court finds that the FAC identifies the circumstances constituting fraud sufficiently that defendant may prepare an adequate answer to the allegations. Specifically, plaintiff claims that defendant was the CEO of ABB at the time of the loan agreement of July 2, 2001, pursuant to which ABB agreed to loan plaintiff $7.5 million. Plaintiff further elaborates the fraudulent activity by asserting that the California Department of Financial Institutions had obtained a permanent injunction against ABB, which prohibited it from operating a representative office, agency or branch and from using the word "bank" in its name, as of June 26, 2001. FAC 4:26-27, 5:1-11. Thus, defendant would have been aware that ABB was unable to comply with the loan agreement. As a matter of pleading, this is adequate.

### ii. Material misrepresentation

Defendant also argues that plaintiff's fraud claims must fail because plaintiff has not alleged a material misrepresentation, relying by analogy on the "bespeaks caution" doctrine applicable to federal securities fraud claims under the Private Securities Litigation Reform Act. The "bespeaks caution" doctrine provides a mechanism by which a court as a matter of law may determine that defendant's forward-looking representations contain enough cautionary language or risk disclosure to protect the defendant against claims of securities fraud. *See Provenz v. Miller,* 102 F.3d 1478, 1487 (9th Cir. 1996) (quoting Donald C. Langevoort, Disclosures that "Bespeak Caution", 49 Bus. Law. 481, 482-83 (1994)). This doctrine provides that statements must be analyzed "in context," must "be precise," and must "directly address the future defendant's projections." *See id.* at 1493. Defendant provides language from the various agreements which, he contends, demonstrates such cautionary language.

9

1  However, this argument fails for at least three reasons. In the first place, defendant supplies no
2  authority applying the "bespeaks caution" doctrine to common law fraud claims. Secondly, the Court does not
3  find the language quoted by defendant particular and precise enough to meet the doctrine's standard. Rather,
4  these statements appear to be "blanket warnings" which are inappropriate to immunize to defendants. *See id*.
5  Finally, the doctrine inapplicable in the present case because plaintiff's claim is for intentional fraud and
6  cautionary language cannot protect from fraud.

7  The Court DENIES defendant's motion to dismiss plaintiff's claims of fraud.

### B.  Justifiable reliance – negligent and fraudulent misrepresentation

Plaintiff alleges defendants represented themselves as lenders of commercial loans, though defendants did not have reasonable grounds for believing themselves capable of facilitating such transactions. Plaintiff further alleges the representations were made with the intent to induce plaintiff to detrimentally rely on them. Plaintiff concludes that defendants' conduct amounted to either negligent or fraudulent misrepresentation.

Defendant Bhatia argues that plaintiff's claims of negligent and fraudulent misrepresentation fail because plaintiff will not be able to demonstrate that it justifiably relied on representations by defendant. However, the Court concludes that plaintiff has alleged justifiable reliance with satisfactory particularity at the pleading stage. Whether plaintiff will be able to prove these allegations to the satisfaction of the trier of fact is a different question, but the allegations made are sufficient for purposes of the present motion to dismiss. The Court therefore DENIES defendant's motion to dismiss plaintiff's claims for fraudulent and negligent misrepresentation.

### 5.  Motion to dismiss for failure to join indispensable parties

Defendant moves under Federal Rule of Civil Procedure 12(b)(7) to dismiss for "failure to join a party under Rule 19." A two part test applies to motions to dismiss for failure to join necessary and indispensable parties. *See Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999). First, the court must decide if the person not a party is necessary to the suit. If the person is necessary, and if he or she cannot be joined for jurisdictional reasons, the court must determine if he or she is "'indispensable' so that in 'equity and good

conscience' the suit should be dismissed. The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application. The moving party has the burden of persuasion in arguing for dismissal." *See Artichoke Joe's v. Norton*, 216 F.Supp.2d 1084, 1118 (E.D. Cal. 2002) (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

The Court must examine several factors when determining to dismiss a claim for lack of joinder: (1) to what extent a judgment rendered in the person's absence might be prejudicial to those persons already parties, (2) the extent to which, by protective provisions in the judgment, such as shaping of relief, the prejudice may be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, (4) whether the plaintiff will have an adequate remedy if the action is dismissed for lack of joinder. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002).

Defendant moves to dismiss plaintiff's FAC for failure to join Mahesh Gandhi, LMS, SAD, HIT, and MML as defendants. Defendant Bhatia argues that they are indispensable because they are the parties plaintiff actually contracted with, while defendant Bhatia was not a party to any contract.

Plaintiff contends that the absent entities and individuals are not necessary to the suit. To qualify as "necessary," the person not a party must have a legally protected interest in the suit, but the interest must be more than financial. *See Makah Indian Tribe v. Verity,* 910 F.2d at 558 (citing *N. Alaska Envtl. Ctr. v. Hodel,* 803 F.2d 466, 468 (9th Cir. 1986)). Plaintiff asserts this is a suit merely for money damages recoverable from defendant, and the Court agrees.

The Court therefore DENIES defendant's motion to dismiss the FAC for failure to join indispensable parties.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss plaintiff's claim for money had and received and breach of contract; and DENIES defendant's remaining motions to dismiss. [Docket # 32].

**IT IS SO ORDERED.**

Dated: December 19, 2005

_____
SUSAN ILLSTON
United States District Judge